(123 So. 300)

No. 29571.

SUCCESSION OF BREAUX.

May 20, 1929.  Rehearing Denied June 17, 1929.

John R. Perez, St. John Perret, Henry G. McMahon, and John H. Holmes, all of New Orleans, for appellant du Perrier.

Anna Judge Veters, of New Orleans, for appellees Green and others.

J. Blanc Monroe, Charles Rosen, and Walker B. Spencer, all of New Orleans, for appellee Adm'rs, Tulane Educational Fund.

Charles I. Denechaud and Delvaille H. Theard, both of New Orleans, for appellee Loyola University.

O'NIELL, C. J. The plaintiff has appealed from a judgment dismissing his suit on an exception of no cause or right of action. It is a suit to annul an ex parte judgment pro-

bating an olographic will. The allegations of the plaintiff's petition disclose that he is not an heir of the deceased. He claims to be a special and residuary legatee under a previous will, in nuncupative form and by authentic act. He presented the nuncupative will with his petition for the annulment of the olographic will, and asked for probate of the nuncupative will. But he virtually made the olographic will also a part of his petition by reference to it; and the olographic will contains a clause revoking all wills made theretofore, and declaring the olographic will to be the testator's only will. According to the plaintiff's petition, he has no interest in questioning the validity of the olographic will, or of the judgment probating it. In fact, he does not question the validity of the will, or express any intention of attacking it hereafter, or suggest any cause for which its validity might be questioned. His complaint is merely that certain formalities, which he contends are required by article 1655 of the Civil Code for the probate of a will, were omitted in these probate proceedings, and that the judge's procès verbal lacks certain declarations which plaintiff contends are sacramental, and that the witnesses who proved the genuineness of the testator's handwriting were not sufficiently familiar therewith. We are not prepared to say that the plaintiff's petition would set forth a cause of action, or sufficient ground for annulling the judgment of probate, if the plaintiff disclosed a right of action, or an interest to be served by annulling the judgment of probate. We prefer, however, to rest our affirmance of the judgment appealed from upon the fundamental proposition that, as far as the allegations of the plaintiff's petition go, he has no interest whatever to serve by this suit, and hence no right of action. A lawsuit can be maintained only by or on behalf of one who

has an actual interest in the matter complained of. Code of Practice, art. 15. There is nothing to the contrary in Broussard v. Hebert, 149 La. 309, 89 So. 14, cited by appellant's counsel.

The judgment appealed from is affirmed.

ROGERS, J., concurs in the decree.