ODOM, Justice.
 

 Plaintiff is a physician and bears the name of his father, who was also a physician. Dr. G. H. Tichenor, Sr., died in 1923. His son, the plaintiff, is now, and has been for many years, practicing medicine in this state and elsewhere, under the name of Dr. G. H. Tichenor. On June 29, 1905, plaintiff’s father, Dr. G. H. Tichenor, Sr., entered into a contract with Arthur D. Parker and William R. Irby, paragraph 1 of which reads as follows:
 

 “That said party of the first part (Dr. Tichenor) hereby grants unto the parties of the second part (Parker and Irby) for a term and period of thirty (30) years, commencing July 1,1905, and ending July 1,1935, the sole and absolute control and management of the chemical compound known as ‘Dr. G. H. Tichenor’s Antiseptic Refrigerant,’ registered at the United States Patent Office in the year 1882, together with all trade marks, patents and other rights in and to said refrigerant, and the sale of the same, this including the entire and exclusive right to sell and compound. And the said party of the first part hereby binds himself not to manufacture said compound, or to allow the same to be manufactured to the use of any other person or persons during said period.”
 

 Paragraph 2 of the contract stipulates that Dr. Tichenor is to compound or have compounded said antiseptic refrigerant at such times and in such quantities as the said
 
 *122
 
 Parker and Irby may require, the labor and materials necessary to be supplied by said Parker and Irby, said refrigerant to be compounded or manufactured at factories by them provided in the city of New Orleans, La.
 

 Paragraph- 3 of the contract provides “that for and in consideration of the services to be rendered and the rights granted as above set forth, the parties of the second part bind and obligate themselves to pay to the party of the first part the sum of Five Thousand ($»,- 000.00) Dollars per annum, payable in equal monthly installments * * * on the first day of each and every month during the term of said contract,” and “in addition to said monthly installments, the said parties of the second part shall, from and after July 1,1916, pay to the party of the first part a royalty of two (2) per cent, on all gross sales exceeding Fifty Thousand Dollars ($50,000.00) per annum, said royalty to be paid yearly,” etc.
 

 Paragraph (5) provides that, “should the parties of the second part fail to pay the amounts as ab.ove stipulated within thirty (30) days after due notice, this contract shall terminate.”
 

 Paragraph 6 provides that “the party of the first part does during the term of this contract, grant to the parties of the second part the sole and exclusive right to the use of his name in connection with proprietary medicines and chemical compounds which shall have been approved by him and will not during the term of this contract allow the use of his name by any one except the parties of the second part, in connection with any other chemical compound or medicinal preparation, and he will allow the use of his name in any suits brought to protect any trade marks and patents and other rights pertaining to said refrigerant or in the prosecution of any infringers upon any trade marks, patents and other rights, as aforesaid.”
 

 The contract further provides in paragraph 7 that Dr. Tichenor will, forthwith, organize a corporation “to which he will transfer all his rights in and to any trade marks and patents pertaining to said antiseptic refrigerant and also in and to all rights of any nature whatsoever which he may have pertaining to such refrigerant; said transfer to be made subject to his contract and with the distinct assumption by said corporation of all the obligations of the party of the first part under this contract.”
 

 It is further provided in section 7 that said Parker and Irby shall cause another corporation to be organized “to which they will transfer this contract, and to which corporation shall be assigned all the rights of the parties of the second part under this contract, and which corporation shall assume all the obligations of the parties of the second part under this contract.”
 

 Plaintiff attached the said contract to his petition and made it a part thereof, and, after setting out substantially the above recitals, he alleged that Dr. G. H. Tichenor, Sr., organized a corporation styled the “Dr. G. H. Tichenor Company Ltd.,” which had as its objects and purposes to own and control the formula for making the chemical compound known as Dr. G. II. Tichenor’s Antiseptic Eefrigerant and
 
 to own
 
 and control all trademarks, labels, patents, and designs relating thereto; to lease and sell the same, etc.
 

 It is further alleged that ¿11 rights and liabilities under the contract above referred to
 
 *124
 
 were “attempted to be transferred to said corporation” by Dr. Tichenor.
 

 It is further alleged that said Parker and Irby caused to be organized a corporation styled the “Dr. G. H. Tichenor’s Antiseptic Company,” the objects and purposes of which were to “manufacture and sell proprietary medicines and chemical compounds and especially the chemical compound known as ‘Dr. G. H. Tichenor’s Antiseptic Refrigerant.’ ”
 

 These are the corporations contemplated and referred to in paragraph 7 of the contract; the latter being the defendant in this case.
 

 It is further alleged that all the rights and liabilities of Parker and Irby under the said contract “were attempted to be transferred to and assumed by said Dr. G. H. Tichenor’s Antiseptic Company,” as provided in the contract.
 

 Plaintiff alleged in paragraph XII of his petition that the contract entered into between Dr. Tichenor, Sr., party of the first part, and Parker and Irby, parties of the second part, is one “seeking their own pecuniary advantages by impairing legitimate trade rivalry and with intent to plunder the public in the State of Louisiana and the United States and is illegal, null and void under the laws of this state and the United States.”
 

 And in paragraph XIII it is alleged that the assumption of said contract by either of said corporations was an ultra vires act on the part of either or both of said corporations and of no force or effect whatever.
 

 It is alleged that the agreement to pay 2 per cent, commissions with the agreement that the antiseptic refrigerant should be compounded at such times and in such quantities as Parker and Irby should require are potestative conditions “which are in the power of said Irby and Parker and/or the Dr. G. H. Tichenor’s Antiseptic Company to bring about or 'hinder under the terms of the aforementioned contract, and invalid under the laws of this state.”
 

 In paragraphs XV and XVI of the petition it is alleged in substance that the contract entered into by Dr. Tichenor was without, adequate consideration, and that his personal services were not assignable to another, and,, in the alternative, it is alleged in paragraph XVII that, should the pourt hold that the contract was based upon a valuable and valid consideration, the consideration failed, and the contract terminated at the death of Dr. Tichenor on January 14, 1923.
 

 In subsequent paragraphs, plaintiff alleges that, although his father died in 1923, the defendant company is still manufacturing and selling said antiseptic refrigerant under its-original name, and is advertising on labels and otherwise that said compound is “Dr. G. H. Tichenor’s Antiseptic Refrigerant” and that same is “Prepared by Dr. G. H. Tichenor,” well knowing that the Dr. Tichenor who originated the formula is dead, and knowing that plaintiff bears the same name and that he is also a physician and practices his profession under the style of “Dr. G. H. Tichenor” and “G. H. Tichenor, M. D.”; that the use of said name, labels, trade-marks is deceptive and highly injurious and prejudicial to plaintiff, in that the members of the medical profession - and the public generally look upon and refer to him as a manufacturer of patent medicines, and that this injures his.
 
 *126
 
 standing as a physician and is detrimental to his practice.
 

 It is further alleged that the defendant company’s use of plaintiff’s name is illegal and fraudulent and without his consent, and that said company has profited, and is now profiting, by the use of his name, and, to quote from paragraph XXVI of the petition, the said company has unjustly enriched itself by the use of his name “to the extent of the profits derived by defendant from said use of said name, and that your petitioner is entitled to an accounting of all profits so derived by defendant, which petitioner believes will exceed Three Hundred Thousand ($300,000.00) Dollars, and that after such accounting that defendant be ordered to pay all such profits to your petitioner.”
 

 In paragraph XXYII of the petition it is alleged that plaintiff has been injured in his dignity and reputation as a physician in this city and state and in the states of Texas, Colorado,’ and Kentucky, and that his business has been greatly decreased, and that his rights of privacy in and to his legal name have been violated by the defendant corporation, and that defendant has infringed upon his property right in and to his lawful name and title, and that defendant has caused him great mental anguish, and that, “in addition to an accounting and judgment for all profits derived through said use of petitioner’s name, that he is entitled to additional and/or special damages in the sum of One Hundred and Fifty Thousand ($150,-000.00) Dollars itemized as follows, to-wit: (1) Violation of rights of privacy $10,000. (2) Infringement of property right of petitioner in his name $20,000. (3) Loss of professional reputation and resulting in loss of business in four states $80,000. (4) Loss of dignity and reputation as a^ physician $20,000. (5) Mental anguish $10,000. Total $150,000.”
 

 Especially reserving his rights to proceed against Parker and Irby or their heirs and assigns for any and all damages and injuries caused to him by the aforementioned acts on their part, plaintiff prayed as follows:
 

 “Wherefore petitioner prays that the said G. EG. Tiehenor Antiseptic Company, be duly cited * * * and that after due proceedings had, that said defendant be condemned to render unto your petitioner, Dr. G. H. Tiehenor, an accounting of all profits derived through use of his name, and be ordered to pay said profits to your petitioner, and that in addition thereto that said defendant be ordered to pay unto your petitioner the sum of One Hundred and Fifty Thousand ($150,000) Dollars damages and all costs of this court, and for all general and equitable relief.”
 

 The defendant corporation excepted to plaintiff’s petition on the ground that it set out no legal right or cause of action. The exception was sustained, plaintiff’s suit was dismissed, and he appealed.
 

 The object or purpose of plaintiff is twofold. He alleges that the contract entered into between Dr. G. H. Tiehenor, Sr., and Arthur D. Parker and William R. Irby on June 29, 1905, was illegal, null, and void, and asks that it now be set aside, and, alleging that he has been injured by the use of his name in connection' with the manufacture, advertisement, and sale of the compound known as “Dr. G. H. Tichenor’s Antiseptic Refrigerant,” he prays for damages.
 

 
 *128
 
 Counsel for plaintiff say in their brief that said contract was null and void for four reasons: (1) That it was a personal contract and ended with the elder Dr. Tiehenor’s death; (2) that the contract was based on a potestative condition; (3) that the contract violates an express statutory provision; and (4) that the contract was void for want of sufficient consideration. ■
 

 We find it unnecessary to discuss these points, for the reason that plaintiff’s petition fails to disclose the slightest interest in the subject-matter of the contract. He was a stranger to the transaction. He does not allege, and there is nothing whatever in his petition to indicate, that he had or owned any interest in the formula for making the chemical compound known as Dr. G. I-I. Tichenor’s Antiseptic Refrigerant or the patent rights relating thereto; these, together with the personal services of the elder Dr. Tichenor, forming the subject-matter of the contract. The petition affirmatively shows that plaintiff’s father owned the formula and the patent rights, and further that, after he contracted to turn them over to Parker and Irby, who in turn with Dr. Tichenor’s consent and approval turned them over to the defendant corporation, he lived up to his contract to the elate of his death, nearly twenty years later, and that the contract, by consent of all parties concerned, was in force and effect on the date this suit was filed.
 

 Plaintiff does not allege, and there is nothing in his petition to indicate, that his purpose in attacking the contract and asking that it be set aside is to have the formula and patent rights put back into the succession of his father so that he may acquire by inheritance or as legatee an interest therein. He does not sue as heir or legatee. Being a stranger to the contract and having no interest therein, he cannot be heard to question its validity. Article 15 of the Code of Practice says that “an action can only be brought by one having a real and actual interest which he pursues.”
 

 In Quaker Realty Co. v. Labasse, 131 La. 996, 60 So. 661, 664, Ann. Cas. 1914A, 1073, this court said:
 

 “The principle that one without pecuniary interest has no judicial standing runs all through our jurisprudence; it is founded upon simple plain common sense; it is formulated in article 15 of the Code of Practice, reading, ‘An action can only be brought by one having a real and actual interest which he pursues’; and it has been enforced by this court in a very large number of cases.”
 

 The above was quoted with approval in Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358, and in Succession of Flynn, 161 La. 707, 109 So. 395, 396, the court said:
 

 “No one is permitted to question the right of another in respect to a certain subject-matter unless he has a legal interest therein himself.”
 

 As to plaintiff’s injury and damage resulting from defendant’s use of his name, it is clear that he cannot recover, even if he could show that he has been damaged for that reason. He attached to and made a part of his petition-the contract entered into by his father, whose name was G. H. Tichenor, the same as plaintiff’s. In the contract it was stipulated that the parties of the second part, meaning Parker and Irby, and their trans
 
 *130
 
 ferees, should have the “sole and exclusive right to the use of his (Dr. Tiehenor’s) name in connection with proprietary medicines and chemical compounds which shall have been approved by him and will not, during the term of this contract allow the use of his name by any one except the parties of the second part in connection with any other chemical compound or medicinal preparation, and will allow the use of his name in any suits brought to protect any trade marks and patents and other rights pertaining to said refrigerant,”, etc.
 

 The contract was for thirty years, and has not yet expired. Under it, this defendant has the clear legal right to use the name “Dr. G. H. Tichenor” in the manufacture, advertisement, and sale of the compound, and cannot be penalized for doing so.
 

 For the- reasons assigned, the judgment sustaining the exception of no right or cause of action and dismissing the plaintiff’s suit is affirmed.