23 So.2d 52

**TERMINI et al. v. McCORMICK.**

No. 37633.

June 5, 1945.

Rehearing Denied June 29, 1945.

Thomas E. Furlow, of New Orleans, for appellants.

W. Frank Gladney, of Baton Rouge, for defendant-appellee.

HAMITER, Justice.

In their original petition of this action plaintiffs, Frank Termini and his wife, alleged that they are the owners of twenty-eight shares of the capital stock of the Frank Termini Tile Company, Inc., a Lou-

isiana corporation domiciled in the Parish of East Baton Rouge; that on December 20, 1940, by a resolution duly adopted, the holders of more than two-thirds of the outstanding shares of the capital stock authorized the liquidation of said corporation out of court; that on January 13, 1941, Joseph A. McCormick was appointed liquidator of the corporation by the Nineteenth District Court of East Baton Rouge Parish in cause No. 16,313, and on the following day he furnished the required bond and received his letters of authority; and that on July 16, 1942, pursuant to the liquidator's petition in which complete liquidation of the corporation was alleged, judgment was rendered and signed discharging the liquidator, relieving him of further liability, cancelling his bond, and dissolving the corporation.

Additionally, in the original petition, plaintiffs made various and sundry allegations, which will be hereinafter discussed, and prayed that, after the citing of the liquidator, the court decree the setting aside and annullment of the judgment rendered in cause No. 16,313 which discharged the liquidator and dissolved the corporation, Frank Termini Tile Company, Inc.

In a supplemental petition there was an elaboration of some of the allegations originally made, and, further, plaintiffs alleged that since the filing of the suit the Secretary of State had issued his certificate of dissolution of the corporation. The prayer of this pleading was that the Secretary of State be made a party defendant and that there be judgment, in addition to that pre-

viously requested, annulling the mentioned certificate of dissolution.

Both the Secretary of State and the liquidator filed answers.

Later, exceptions of no cause and no right of action, an exception of misjoinder of parties defendant, and a motion for judgment on the pleadings, were tendered by the liquidator's counsel, in some of which the Secretary of State, as well as the liquidator, was named as an exceptor or mover. With respect to the Secretary of State, however, the filing of these pleadings was subsequently found to be unauthorized, and on a rule issue at plaintiffs' request the court ordered them stricken from the record in so far as they concerned that official.

When the exceptions of no right and no cause of action came on for hearing the liquidator's counsel offered to introduce evidence in support of them. To the offering plaintiffs' counsel objected on the ground that under the law and jurisprudence of this state such exceptions are to be heard and considered only on the allegations of the petition and the attached documents. The court sustained the objection as to the exception of no cause of action, but ruled that as to the exception of no right of action the introduction of evidence is permissible. Whereupon exceptor's counsel offered the entire record of the liquidation cause, as well as the records in four suits instituted by the liquidator, and he then proceeded to elicit from plaintiff Frank Termini, under cross examination, testimony to the effect that such plaintiff was aware of the conducting of the liquidation proceedings and had employed counsel to represent him therein. The court received the evidence for the restricted purpose of considering the exception of no right of action.

In support of the judgment that he later rendered the trial judge assigned written reasons, they being in part as follows:

"Over the objection of counsel for the plaintiffs the defendant was permitted to take testimony on the exception of no right of action, which testimony is in the record. As will be seen from plaintiffs allegations above referred to in paragraph No. 17, and by an examination of the proceedings in suit No. 16,313, in re: Liquidation of Frank Termini Tile Company, Inc., both the plaintiffs in this suit signed the resolution appointing the said Joseph A. McCormick liquidator of said corporation, which said resolution is offered as exceptor's exhibit No. 7. In the testimony of Frank Termini it was shown that he had employed counsel to represent him in the proceedings.

"The liquidation was proceeded with, the account of the liquidator advertised and no objection whatsoever was made by either of the plaintiffs in this suit.

"Under the circumstances it is my opinion that the plaintiffs, who had full knowledge of and actually participated in the liquidation of the corporation and who failed to file any opposition in said liquidation, can not be heard to come into court after the liquidation has been closed, the liquidator discharged, and without charging fraud, bring such a suit as is done here.

"Counsel for the plaintiffs suggested to the Court that the exceptions be referred to the merits. Under the circumstances I can see no useful purpose in doing so, for on the trial of the case I would be compelled to sustain objections to the testimony offered by plaintiffs in support of their petition.

"Therefore, for these reasons, judgment will be signed herein sustaining the exceptions of no cause or right of action and dismissing plaintiffs' suit at their costs."

From the formal judgment dismissing their suit, plaintiffs are appealing.

In this court appellants' counsel insists that the trial judge erred in receiving evidence under the exception of no right of action; that the allegations of the petition, which are to be accepted as true for the purpose of considering the exceptions involved herein, disclose both a right and a cause of action; and that the evidence adduced, even if admissible, does not support the judgment rendered.

Whether the trial judge ruled correctly as to the admissibility of evidence in connection with the exception of no right of action is a question we need not decide. Even if that evidence be accepted and considered it does not contradict the allegations of the petition that plaintiffs are the owners of twenty-eight shares of stock of the corporation; it fails to show that those persons are without interest in the outcome of this litigation.

A distinction between the exception of no right of action and the exception of no cause of action is recognized in our jurisprudence. The former serves to question the right of a plaintiff to maintain his suit, to dispute the interest of that litigant in the subject matter of the proceeding, it having as its basis Code of Practice Article 15, which reads: "An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action." If it appears that a plaintiff has an actual interest in the outcome of the case then he has a right of action. The exception of no cause of action, on the other hand, presents the issue of whether or not sufficient grounds for obtaining the desired relief are alleged in the petition. Some of the cases in which the distinction between the two exceptions is pointed out are Succession of Breaux, 168 La. 712, 123 So. 300; Tichenor v. Dr. G. H. Tichenor's Antiseptic Co., 180 La. 119, 156 So. 194; and Outdoor Electric Advertising, Inc., v. Saurage, 21 So.2d 375.

Since plaintiffs alleged that they owned twenty-eight shares of the capital stock of the liquidated corporation, and such allegation in no manner has been contradicted, they have shown a real and actual interest in the proceeding's outcome. As stockholders they would be entitled to share in any surplus remaining after the complete liquidation of the corporation. That they had full knowledge of the liquidation, actually participated in it, and failed to file any objection to the liquidator's account, is of no importance with respect to their interest or right in instituting this suit. Those circumstances, of

course, would be appropriately considered in connection with some defense dealing with their cause of action. Therefore, in our opinion, the exception of no right of action was erroneously sustained.

■ Next to be determined is the question of whether the petition states a cause of action. According to plaintiffs' allegations the judgment sought to be vacated (that which dissolved the corporation, discharged the liquidator and cancelled his bond) was rendered and signed by the Nineteenth District Court of East Baton Rouge Parish on July 16, 1942, approximately nineteen months after the commencement of the liquidation that was authorized by the holders of more than two-thirds of the outstanding shares of capital stock of the corporation. Having been rendered by a competent court, the judgment is presumed to be correct and valid and all of the proceedings on which it is based regular and proper. As said in 31 American Jurisprudence, verbo Judgments, Section 413, "A judgment is, under general rules applicable to the subject, not presumed to be erroneous, but, to the contrary, is presumed to be valid until vacated by some proper proceeding instituted directly for the purpose of correcting errors therein, where the judgment is within the jurisdiction of the court rendering the same. Under such circumstances, the judgment so rendered raises a presumption that the court acted impartially, honestly, justly, after due consideration, for good reason, correctly, in conformity to law, and in accordance with its duty; that the pro-ceedings were regular, in conformity with settled usage, sufficient to support the judgment, and based upon proper grounds; and that every requisite and every fact necessary to sustain the judgment was present. * * *."

■■ Of course, a court may order the vacating of a judgment where a person having the required interest alleges and proves sufficient grounds therefor, the power in this respect being predicated upon substantial principles of right and wrong and is to be exercised for the prevention of injury and the furtherance of justice. Since, however, the very purpose of having a judgment set aside is to reach a result different from that obtained originally, it is not sufficient, with reference to the stating of a cause of action, for a plaintiff to make general allegations of irregularities and omissions; he must set forth in his petition, clearly and accurately, definite facts from which there can be drawn the conclusion that a reconsideration or the conducting of further proceedings will result in a different decree.

The principal charge made by these plaintiffs in seeking to set aside the judgment is that the liquidator never had in his possession or control, nor did he even examine, the books and records of the corporation, all of which were in the possession of Harry Goudchaux, the Secretary-Treasurer. In this connection they allege, on information and belief, that one of the officers borrowed money in the name of the corporation, although there was no necessity therefor, and further that a net

profit of not less than $25,000 was made by the company during the year 1939. But these funds, it appears, were received before the appointment of the liquidator, and no showing is made that they were not used in the operation of the business. Also, plaintiffs do not point to any specific items or anything positive which would have effected a change in the result of the liquidation had the corporation's books and records been available to and examined by the liquidator. In fact, the petition sets forth:

"Petitioner, Frank Termini, was at all times 'out-side' man, responsible for figuring and securing contracts and seeing that they were carried out, and the said Harry Goudchaux, Secretary-Treasurer, managed the office and the business affairs of the corporation, so that petitioners do not know and have never known the condition of the financial affairs of the corporation. Numerous requests of the Secretary-Treasurer for such information have been without avail.

"While, as above alleged, petitioners have little certain knowledge of the affairs of the Corporation, as reflected by its books and records, they are informed and believe, and so allege: * * *"

Then there are allegations concerning the right of a certain person connected with the corporation to sign checks. While these allegations might be true, there is nothing in them to indicate that the signing of checks by the allegedly unauthorized person was done for anything other than legitimate purposes of the corporation.

Plaintiffs further complain of the liquidator's compromising of various suits instituted by him in the interest of the corporation to collect on claims for materials and labor furnished in the years 1936 and 1938, in each of which actions the defendant had pleaded prescription. With respect to such compromising they allege that it was done "without the liquidator having had access to the books of account and other records of the corporation, from which he might have ascertained the true status of the financial relations between the corporation and said parties, * * *." But they do not recite any facts disclosing that fraud attended the consummation of the compromise; rather, they specifically set forth that "the liquidator petitioned for and obtained from the court authority to enter into a compromise agreement with all said parties."

The petition, viewed as a whole, fails to contain any specific and definite factual averments which if proved would serve as a basis for a change in the final accounting rendered by the liquidator. It cannot be concluded from the allegations made that the liquidator has not administered all of the corporation's assets; neither can it be correctly said that fraud was perpetrated in the corporation's liquidation and dissolution. Furthermore, plaintiffs have not alleged anything which would serve as a valid excuse for their failure to participate in the liquidation proceedings prior to the rendition of the judgment now sought to be vacated. Consequently, we hold that the petition does not state a cause of action.

The case of McCoy v. State Line Oil & Gas Co., Inc., 180 La. 579, 157 So. 116, 117, cited and relied on by plaintiffs' counsel, is not in conflict with our announced holding. Therein this court set aside the certificate of dissolution of the defendant corporation issued by the Secretary of State since it clearly and definitely appeared that the liquidator had not discharged the duties imposed upon him by law; he had failed to settle two law suits pending against the corporation. In support of the decree, the following was said:

"Therefore there were two pending cases when the liquidator certified to the secretary of state that the liquidation was complete. No effort appears on his part to ascertain what suits, if any, were pending, or to notify the opposing litigants, or to call upon them to present their claims. The entire liquidation, such as it was, was had and closed within ten days from the appointment of the receiver. The matter, apparently, was treated as if it were one whose chief purpose was to put the defendant out of existence as a corporation, without any regard as to the rights of litigants. * * *"

For the reasons assigned the judgment in so far as it sustains the exception of no right of action is reversed and such exception is now overruled; in all other respects the judgment appealed from is affirmed. Plaintiffs shall pay the costs of both courts.