Plaintiff appealed from judgment that sustained what is denominated an exception of no right of action filed by the defendant; and dismissed his suit as of non-suit. He sued to recover workmen's compensation on the theory that while performing the duties of a contract of hiring with the defendant, he suffered an accident that disabled him totally and permanently to perform manual labor, this being the means by which he earned a livelihood. He alleged: "That on or about February 12, 1946, while petitioner was in the employ of the said Clyde P. Smith at a daily rate of pay of four dollars per day and was performing services arising out of and incidental to his employment in the course of the business of the said Smith of decorating, repairing and building, papering, painting and renting houses, petitioner while at work in the City of Alexandria, Louisiana, in papering a room in a house under the direction and supervision of the said Smith and was standing on a board or plank five or six feet above the floor, an end of the said plank or board gave way or fell and caused petitioner to fall * * *".
Defendant filed exceptions of no cause and no right of action and a plea of vagueness to the petition. Neither of the exceptions nor the plea specifically points to the deficiencies in the petition against which it is directed. The court overruled the exceptions but sustained the plea of vagueness, and ordered plaintiff to amend the petition within fifteen days: "to set forth more dearly the business, trade or occupation of the employer and whether or not injured employee was so engaged in that business at the time of injury."
In obedience to the court's order plaintiff submitted and filed an amendment to his petition which, so far as need be quoted here, reads as follows: "In no manner changing the aforesaid allegations of his original petition, and reserving his rights thereunder and his rights under said bill of exception, petitioner and plaintiff avers that the said defendant knows more about his trade and occupations than any other person and does not need and should not have additional information relating thereto; but plaintiff is informed and believes and so avers that the said defendant at time plaintiff was injured was engaged in repairing and renting houses of his own to others, also in leasing, repairing and sub-leasing houses belonging to others; that the house or building in which plaintiff was at work when thus injured was not lived in by the said Smith, but that he had been leasing it out to tenants for more than a year, was having plaintiff paper the room in which he was at work when injured so that the said Smith could lease same or let others live in or occupy same for a charge made by the said Smith for the use of the said room; that whether the said Smith owned the said building in which plaintiff was thus papering when injured plaintiff does not know, but the said Smith in his business and trade was having same papered by plaintiff; that the said Smith so far as plaintiff knows and believes, owned the house in which plaintiff was at work at time of the injury of plaintiff."
Following this filing defendant again excepted to the original and amended petitions as disclosing no right of action against him: "in that it is not alleged that the defendant is engaged in a trade, business or occupation that is hazardous within the meaning of the Workmen's Compensation *Page 615 
Laws of Louisiana, or that the plaintiff was engaged by the said Smith in a hazardous business, trade or occupation."
The exception is erroneously named. It is in reality an exception of no cause of action.
Over plaintiff's vigorous objection the court allowed defendant to introduce testimony on trial of the last filed exception. Plaintiff's counsel did not participate in the trial to the extent of questioning the witnesses.
Plaintiff's position now and all the while has been that the issues sought to be raised by the last so called exception of no right of action may not be tendered by an exception of this character; that whether defendant's business is hazardous and plaintiff was injured while working therein, are questions to be properly raised and disposed of on the merits of the case after filing of answer; that to try such issues independently and apart from trial on the merits is tantamount to trying the case by piecemeal, a practice not authorized by law.
In written reasons for judgment the court said: "In compliance with the ruling of the Court, the plaintiff filed an amended and supplemental petition which did not serve to amplify the facts originally alleged, whereupon the counsel for defendant filed an exception of no right of action and * * * when the exception was called, plaintiff's counsel was present and vigorously opposed the right of the Court to hear testimony on this exception and thus try the case in piecemeal. I overruled his objection and permitted the evidence * * *".
In view of what the court here says, it seems to us that whether viewed as being one of no right of action or as one of no cause of action, the exception should have been overruled as was done with the exceptions first filed.
[1, 2] Whether a person is engaged in the conduct of a hazardous business within the meaning of the Workmen's Compensation Law, Act No. 20 of 1914, as amended, and whether the injured employee was rendering service to the employer in that business when injured, are questions that have to do with the merits of the case. They do not relate to or concern the plaintiff's right to institute and prosecute the suit; and whether the allegations touching such questions are sufficient to disclose a cause of action is a matter that appropriately falls within the domain of an exception of no cause of action, the merits of which should be adjudged strictly from the allegations of the petition; and in compensation cases all doubts should be resolved in favor of the adequacy of the petition.
[3] The court in Termini et al. v. McCormick,208 La. 221-227, 23 So.2d 52, 54, clearly draws the distinction between the nature and the function of an exception of no cause of action and an exception of no right of action. Therein it said: "A distinction between the exception of no right of action and the exception of no cause of action is recognized in our jurisprudence. The former serves to question the right of a plaintiff to maintain his suit, to dispute the interest of that litigant in the subject matter of the proceeding, it having as its basis Code of Practice Article 15, which reads: 'An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action.' If it appears that a plaintiff has an actual interest in the outcome of the case then he has a right of action. The exception of no cause of action, on the other hand, presents the issue of whether or not sufficient grounds for obtaining the desired relief are alleged in the petition. Some of the cases in which the distinction between the two exceptions is pointed out are Succession of Breaux,168 La. 712, 123 So. 300; Tichenor v. Dr. G. H. Tichenor's Antiseptic Co., 180 La. 119, 156 So. 194; and Outdoor Electric Advertising, Inc., v. Saurage [207 La. 344], 21 So.2d 375."
In the present case if a cause of action to recover compensation reposes in anyone, that one is the plaintiff, and, of course, it follows as a legal consequence that the right to assert the cause of action likewise reposes in him; and the one against whom the right must be asserted, if asserted, is the defendant. The exception under discussion attempts to question the right of *Page 616 
plaintiff to maintain his suit against the defendant by allegations that fall within the purview of an exception of no cause of action. It does not dispute his interest in the subject matter of the suit. In this respect it signally fails as an exception of no right of action.
If appellee's position be correct, then any other defense to the merits could likewise be tendered by such an exception, among which we name: (1) Absence of the relationship of employer and employee; (2) That the services being performed at the time of the accident did not arise out of nor were they incidental to his employment in the course of the master's trade, etc.; (3) That the accident was due to the injured employee's intoxication, etc.
Such defenses, it is obvious, properly should be threshed out on trial of the merits of the case. Of course, the court has the right to order an exception that is based purely upon defenses of the character named, to stand as an answer to the merits and then proceed to a final disposition of the case.
The Workmen's Compensation Law, Act No. 20 of 1914, names a long list of occupations, trades, etc., denominated, for its own purposes, as hazardous. Among such occupations, etc., the following appear: "Work in any of the building or metal trades in the erection, construction, extension, decoration, alteration, repair or demolition of any building or structural appurtenances." § 1.
[4, 5] As we view the same, the allegations of the original and amended petitions bring plaintiff's case within one or more of the occupations embraced within said quotation. He alleges, inter alia, that defendant was engaged in repairing houses of his own to rent to others, and houses belonging to others; that the room he was papering (decorating) when injured, was part of a building defendant desired to lease to others. The petition, in effect, sets forth that defendant, as a trade or profession, is engaged in the repairing, decorating, etc., of buildings for rent. After all is said on the subject, it remains that the petition clearly reveals that this is a suit to recover under the Workmen's Compensation Law. The requirements of Section 18, subd. 1(A) of this law, as amended by Act No. 81 of 1930, § 1, relative to the character of information that must be set out in the petition, are fairly well observed. In such cases, the courts are not bound by the technical rules of procedure. What the court said in Pierre v. Barringer, 149 La. 71, 72, 88 So. 691, fittingly applies to the present case, to-wit: "A critical examination of the petition, which is carelessly drawn, would show that it does not technically embrace a cause of action. But its general purport shows it to be a suit by an employe against his employer for compensation for an accident while the plaintiff was in the employ of the defendant and while he was supposed to be acting in the performance of his duties."
We are of the opinion that the lower court erred in allowing the introduction of testimony on trial of the exception herein discussed, and that it should have been considered and disposed of solely on the face of the petition, and overruled.
In 9 Tulane Law Review, page 17, appears an excellent article by Professor McMahon of the Louisiana State University Law School, entitled "The Exception of No Cause of Action in Louisiana".
For the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed, and there is now judgment in favor of plaintiff and against the defendant, overruling said exception and remanding the case to the lower court to be there proceeded with in accordance with law and the views herein expressed. Costs of appeal are assessed against the appellee. Fixing of liability for other costs will await final judgment. *Page 654