ELLIS, Judge.
Plaintiff filed this suit in the Twenty-second Judicial District Court for St. Tammany Parish, Louisiana, as an appeal from the refusal of the Town of Mandeville, Louisiana, and the Louisiana Board of Alcoholic Beverage Control, to issue him a 1958 Retail Saloon Liquor Permit, as provided in LSA, Title 26, Chapter 1, of the Alcoholic Beverage Control Law and particularly LSA-R.S. 26:104.
In connection with his appeal from the refusal of the Town of Mandeville and the Louisiana Board of Alcoholic Beverage Control to renew his permit, plaintiff alleged in his petition to the District Court *314 that he was resident of St. Tammany Parish, Louisiana; that he held a 1957 Retail Saloon Permit from both of the defendants, that on November 1, 1957, he mailed the applicable fee and an application to renew his 1957 permit for Retail Saloon to the Louisiana Board of Alcoholic Beverage Control; that on January 1, 1958, he mailed his check to the Town of Mandeville, Louisiana for renewal of said permit; that by letter of date January 7, 1958 he was notified by the Louisiana Board of Alcoholic Beverage Control that his 1958 Liquor Saloon Permit was being withheld by the board for the reason that it had been notified that the Town of Mandeville, Louisiana, had refused to issue a local permit for the year 1958; that he is the owner and operator of the Georgian Manor Hotel in the Town of Mandeville, Louisiana and that his cocktail Lounge in the hotel was closed for lack of a permit from the Town of Mandeville, all of which was depriving him of his property without due process of law, etc.; that he appealed to the District Court under provisions of LSA-R.S. 26:104; that he is fully qualified under the laws of the State of Louisiana to be licensed as a retail saloon dealer and that the action of the Town of Mandeville, Louisiana in withholding the permit is capricious and unlawful; that he had no adequate remedy at law inasmuch as LSA-R.S. 26:104 provides for devolutive appeal only from decisions of the Louisiana Board of Alcoholic Beverage Control; therefore prayed that the Town of Mandeville, Louisiana, be cited, through its Mayor, and that the Louisiana Board of Alcoholic Beverage Control be cited, through its Chairman, or one of the members of the Board, to appear and answer this petition and application for injunctive relief and after due proceedings had there be judgment herein in favor of plaintiff and against the defendants, ordering them to issue a 1958 Retail Saloon Liquor Permit to him; he further prayed that a temporary restraining order issue, pending his appeal, upon his furnishing bond and for the issuance of a rule upon the defendant to show cause on the day and hour to be fixed by the court why-preliminary injunction should not issue-herein, in his favor and against the defendant.
The lower court issued a temporary restraining order upon furnishing of a $1,000’ bond and issued the rule nisi for a hearing upon the rule for preliminary injunction.
Counsel for the defendant prior to answering the rule filed an exception of no-cause of action and one of no right of action. The former was overruled by the district court and is not being reurged on-this appeal. The exception of no right of action was sustained for the following reasons, which is shown by the minute entry of the District Court on Friday, January 24, 1958, the day that the rule for preliminary injunction was heard, to-wit:
“ * * * The exception of no right of action came on to be heard and after hearing the evidence, was argued by counsel and submitted to the court, whereupon Court sustained said exception of no right of action for the reason that the plaintiff did not qualify his residence sufficiently for the town to issue a permit under the law and therefore the court discharged the herein rule and dissolved the temporary restraining order heretofore issued, refused to issue a preliminary injunction and dismissed this petition. Court further awarded the Town of Mandeville damages in the sum of $100 for attorney’s fees $ * * ”
On the trial of the rule, when it became apparent that counsel for the defendants by his questioning clearly - showed that he intended to attack the plaintiff’s qualification as to residence as required by LSA-R.S. 26:79, subd. (A) (2) which reads:
“Is a citizen of the United States and of the State of Louisiana and a resident of the State of Louisiana continuously for a period of not less than two years next preceding the date of the filing of the application. However, *315 the requirements as to Louisiana citizenship do not apply to wholesalers or retailers who held permits on or prior to January 1, 1946,”
counsel for plaintiff made the following objection:
“Mr. Goodbee: I don’t know what counsel’s purpose is. He can take the testimony but the letter containing the check to the Town of Mandeville was sent by the plaintiff and was notified that the license was being withheld because of the manner in which the place was operated. Of course, this does not comply with the Statutes, Section 26:87 (Counsel reads) or 26:85 (Counsel again reads). They have no legal reason and I object to all testimony.”
While the body of the objection was not specifically to the point that the testimony was not admissable under the •exception of no right of action, the objection to all testimony would be sufficient, particularly as only testimony on this one defense to the cause of action was taken, and plaintiff was entitled, if the exception of no right of action was invalid, to try the cause of action on its merits and not piecemeal under the guise of an exception of no right of action.
We expressly state that nothing we have said should apply to the sufficiency of the proof offered under the exception of no right of action on the merits of the case.
We believe that counsel for the defendant is confusing a cause of action with a right of action. The qualifications for applicants for permit under LSA-R.S. 26:79 refers to a cause of action, that is, an applicant must affirmatively allege in this petition facts which fulfill the requirements required under the Title, Section and Paragraph of the Alcoholic Beverage Control Law heretofore cited.
The distinction between an exception of no cause of action and no right of action has been recognized many times in our jurisprudence. In the recent case of Leteff v. Maryland Casualty Co., 82 So. 2d 80, 82, this court through Judge Tate as its organ stated:
“It is well settled that there is a distinction between the exception of no right of action, and the exception of no cause of action. As stated in Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257, at pages 258-259:
“ ‘Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain his suit, i. e., his capacity to sue or his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; Termini v. McCormick, 208 La. 221, 23 So.2d 52 and Bartholomew v. Impastato, La. App., 12 So.2d 700. The latter is triable entirely on the face of the papers, while evidence may be received under an exception of no right of action for the purpose of showing that plaintiff does not possess the right he claims or that the right does not exist. Soniat v. White, 153 La. 424, 96 So. 19; Schmidt v. Conservative Homestead Association, 181 La. 369, 159 So. 587; Duplain v. Wiltz, supra (La.App., 174 So. 652) and La Casse v. New Orleans, T. & M. R. Co., 135 La. 129, 64 So. 1012.’
* * * * * *
“In our opinion, in neither case is the right of plaintiff to institute the suit subject to an exception of no right of action with facts outside the petition provable by separate trial in advance of trial on the merits. The exception of ‘no right of action’ is properly speaking the exception of ‘want of interest’ and addresses itself to the person or capacity of the plaintiff insti *316 tuting the suit; it is the exception of no cause of action which raises the question of whether any one at all in the shoes of the plaintiff could institute suit. See McMahon, ‘The Exception of Want of Interest’, 11 Tulane Law Review 527. As stated by this court recently in an opinion extensively discussing the question and reversing the trial court’s admission of evidence on an ‘ “exception of no right of action” ’, the evidence ‘did not in any sense relate “to1 the person of the plaintiff” or “to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy”. The testimony introduced relates more properly to the merits of the action and we do not believe it to be admissible under the exception of no right of action. Counsel for plaintiff made timely objection to the introduction of all evidence relating to notice and we think that same should have been sustained not only as to the exception of no cause of action but as to the so called exception of no right of action as well.’ Vegas v. Cheramie, La.App. 1 Cir., 69 So.2d 66, at page 68. See also, Martino v. Fairburn, La.App. 1 Cir., 71 So.2d 358.”
In the above case we also quoted from an opinion by Judge, now Justice, Mc-Caleb, in the case of Duplain v. Wiltz, La. App., 174 So. 652, at pages 654 and 655, which we take the liberty of again quoting, viz.:
“The ground upon which the defendant bases her exception of no right of action is that she is not the owner of the property in which the plaintiff was injured. This question is purely one of fact and does not militate against plaintiff’s legal right to maintain the action. If, on the trial of the merits of the case, it is decreed that, as a matter of fact, the defendant is not the owner of the premises, and therefore not responsible for the injuries resulting from its vices and defects, such finding will not be destructive of plaintiff’s inherent right to sue the defendant, but will serve to show that the plaintiff was without justification or cause to enforce her right against the defendant. In other words, we think that there is a vast difference between the right of action, to which plaintiff is entitled as a matter of law, and the resultant liability vel non of the person against whom she causes this right to be asserted. The right to sue is conferred either by statute or the jurisprudence, whereas the cause to sue is legally determined after investigation of the facts present. Here, the real challenge is not made to plaintiff’s right to sue but is truly aimed against the legal lack of cause or reason for the action.”
In a very recent case our brethren of the Orleans Court of Appeal had occasion to discuss the same question, viz., Metoyer v. Sewerage and Water Board of New Orleans, 100 So.2d 792, 794, in which they stated:
“There is an almost universal misunderstanding of the functions of the two exceptions, — no right of action and no cause of action, — and there is obviously a rather general belief that the two are actually only one exception and should be pleaded together, and when so pleaded, actually put at issue all questions involving the right of the plaintiff to recover, whether the defendant may be sued, whether a cause of action exists, and all other questions upon which may depend the dismissal of the suit. For a thorough discussion of the function of these two' exceptions, reference may be had to an article, ‘Parties Litigant in Louisiana,’ 11 T.L.R. 527. In that Article Mr. Henry George McMahon, Professor of Law of Louisiana State University, analyzes the various exceptions which are found in our pleadings in Louisiana practice.
*317 “An exception of no right of action is based on the contention that the plaintiff is without interest in the matter and that, even if a cause of action exists, the right to sue is not in the plaintiff who is without interest. Mr. McMahon says that ‘No right of action’ is the more modern term applied to the antiquated exception ‘tua non interest’ which seems to mean ‘lack of interest to sue.’ This exception is peremptory, may be filed at any time, and, if well founded, results in the dismissal of the suit. Stevens v. Johnson, 230 La. 101, 87 So.2d 743 (on application for rehearing).
“The exception of no cause of action raises only the question of whether, under the allegations of the petition, if true, there are facts which justify recovery; is there a ‘cause’ on which the suit may be based ?”
In the case of White v. Lockhart, 229 La. 611, 86 So.2d 397, we find a simple example or illustration of the distinction between one without a cause of action and one without a right of action and we quote from the syllabus as follows:
“Where, in action for value of timber cut and removed by defendant, defendant alleged title to the timber by virtue of authentic act of sale by war-rantor and called her in warranty, and warrantor filed exception of no cause or right of action on ground that plaintiffs did not own and were without title to the timber, warrantor’s attempt to raise the issue of title by way of exception of no cause or right of action was unwarranted by law, in view of fact that petition set forth a justifiable right or cause of action.”
Counsel for defendant in his brief states:
“By means of its exception, the Town of Mandeville, Louisiana, said in effect: ‘You do not possess the qualifications demanded by the law for a holder of an alcoholic beverage permit, and therefore you have no right to seek to force the municipality to grant you such.’
“The town struck at the very foundation of plaintiff’s capacity to sue.”
By its exception of no right of action, the town did not strike at the foundation of plaintiff’s capacity to sue but at the foundation of plaintiff’s capacity to recover. In other words, if plaintiff cannot prove the allegations of his petition, which includes an allegation that he has all the qualifications under the laws of the State of Louisiana and which, of course, would include the requirements of residence and citizenship, etc., then he would be unable to recover because of lack of proof of a cause of action. Plaintiff has alleged every fact in his petition of appeal which would give him a right of action, that is, an interest to sue, an interest in the outcome of the case.
Again we reiterate that we are not passing upon the effect of the testimony offered on the exception of no right of action, but that it was inadmissible for it went to the merits of plaintiff’s cause of action and was only admissable on the trial of the merits to prove or disprove such cause of action.
For the above and foregoing reasons the judgment of the District Court is hereby reversed and the exception of no right of action is overruled and the case remanded to the district court for further proceedings in accordance with law and not inconsistent with the views herein expressed.