GLADNEY, Judge.
Plaintiff instituted this suit to recover damages for personal injuries, lost wages, medical expenses, and property damage arising out of an intersectional collision on June 25, 1959, within the city limits of Lake Providence, Louisiana. Made defendants were William K. Key, the owner of a gravel truck which was driven by Key’s employee, Jim Hicks, and which collided with plaintiff’s motor scooter; Carroll Sand & Gravel Company, the alleged employer of Key; and Great American Indemnity Company of New York, the liability insurer of Carroll Sand & Gravel Company.
The last two named defendants excepted to plaintiff’s petition on the grounds it did not disclose as to them a cause or right of action. The trial court permitted, over plaintiff’s timely objection, the introduction of evidence by exceptors tending to controvert plaintiff’s allegation that Key was an employee of Carroll Sand & Gravel Company. Defendant-exceptors sought to show Key was in reality an independent contractor and, therefore, that no liability attached to defendant-exceptors for damage arising from negligent acts of Key’s employees. The judgment of the lower court sustained the exceptions of no cause and no right of action, whereupon plaintiff appealed.
 The first question posed by this appeal is whether the trial judge erred in permitting exceptors on the trial of the exception of no cause and no right of action, to introduce evidence as to the relationship existing between Key and Carroll Sand & Gravel Company. It is, of course, fundamental that the exception of no cause of action does not admit of the taking of evidence but must be decided upon the well pleaded facts of the petition, whereas evidence is admissible on trial of an exception of no right of action in order to determine whether the plaintiff is legally invested with the right to stand in judg *110 ment. E. g., art. 931, LSA-Code of Civil Procedure. Consequently, it is necessary that we determine whether the evidence submitted by exceptors herein challenges plaintiff’s right of action or whether it is asserted against his cause of action.
It is undisputed that the evidence was tendered for the purpose of establishing that Carroll Sand & Gravel Company was a contractee rather than an employer of Key, and as such, was not liable for damages arising from negligent acts of Key’s employees. 'We are of the opinion that the use of the exception of no right of actionl is improper where plaintiff’s legal cause or reason to enforce his claim against defendant is challenged.
The distinction between the exception of no cause of action and the exception of no right of action has received extensive treatment in the jurisprudence of this state. In Rapides Grocery Company v. Vann, La.App.2d Cir., 1956, 84 So.2d 831 this court devoted its consideration to the question of whether the exception of no right of action, in addition to challenging the capacity and interest of plaintiff, may also be employed to question plaintiff’s right to assert his demand against a particular defendant. ■ Our affirmative answer to the question so posed was reviewed and reversed by the Louisiana Supreme Court in 1956, 230 La. 829, 89 So.2d 359. The latter opinion cited with approval and designated as the leading case on point the decision rendered by the Orleans Court of Appeal in Duplain v. Wiltz, La.App.Orleans 1937, 174 So. 652 with Judge McCaleb as organ of the court.
The Duplain case involved a suit against the alleged owner of a building for personal injuries sustained by the occupant of said building when the latter fell while descending the rear steps of the premises. The defendant excepted to the petition on the ground it disclosed no right or cause of action, and upon trial of the exception the lower court permitted exceptor to introduce evidence to traverse the allegations of the petition respecting her ownership of the property. The appellate court held the evidence was improperly admitted inasmuch as it was directed not at the right of action to which plaintiff was entitled as a matter of law under Articles 670, 2315, and 2322 of the LSA-Civil Code, but at the resultant liability vel non of the person against whom plaintiff caused the right to he asserted. The court concluded that the exception was properly one of no cause of action rather than an exception of no right of action, and, accordingly, was determinable only upon the basis of the well pleaded facts set forth in the petition without regard to extraneous evidence erroneously admitted by the lower court.
The Duplain case was again cited with approval in Wischer v. Madison Realty Company, 1957, 231 La. 704, 92 So.2d 589, 591, wherein the court observed that:
“Fundamentally there is no distinction between the exception of no right of action and that of want of interest. Both perform exactly the same function; both are peremptory exceptions, relating to law and operate in our modern procedure in precisely the same-manner. In Outdoor Electric Advertising v. Saurage, supra [207 La. 344, 21 So.2d 375], we held that the exceptions of want of interest and of no-right of action are not separate exceptions but are actually the same exception under different names. Termini v. McCormick, supra [208 La. 221, 23 So.2d 52], Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753.
“Mr. McMahon in his interesting and exhaustive study of the peremptory exceptions (McMahon La.PracL Vol. 1, p. 459) says:
“ ‘From the writer’s opinion that the only difference between the exceptions of no right of action and want of interest is in name, it would follow that the distinction noted above likewise obtains between the exceptions of no *111 cause of action and want of interest. The function of the former is to raise the general issue as to whether any remedy is afforded by the law; that of the latter is to raise the question of whether a remedy afforded by the law can be invoked by a particular plaintiff. The former relates generally to the action; the latter, specifically to the person of the plaintiff.’ See 11 Tulane Law Review 527, 532, 533 (1937).” See also Richard v. National Surety Corp., La.App. 1st Cir., 1957, 99 So.2d 831, certiorari denied; Clark v. Town of Mandeville, La.App. 1st Cir., 1958, 105 So.2d 313.
An application of the foregoing principles was determinative of the case of Maryland Casualty Co., v. Gulf Refining Co., La.App. 1st Cir., 1957, 95 So.2d 734 wherein the issue presented was similar to that pos.ed by the instant appeal. In the Gulf Refining Company case plaintiff compensation insurer sought recovery of benefits paid by it to an employee of its insured. The suit was brought as subrogee of the disabled employee against the tort-feasor, Gulf Refining Company, whose negligence had caused the disability. The defendant tort-feasor interposed an exception of no right of action predicated on the ground that plaintiff’s insured was an independent contractor of defendant and consequently the insured’s employee had a cause of action for workmen’s compensation against defendant which excluded any cause of action in tort. The court, Judge Tate as organ, overruled the judgment sustaining the exception of no right of action and stated:
“Basically, the defense is not that because of a quality individual to plaintiff, it has no right of action. The defense is that Langton (the disabled employee to whose rights plaintiff is subrogated to the extent of the compensation benefits paid) or ■ anyone similarly situated cannot recover as the employee, not of the buyer of Gulf’s products, but of Gulf’s subcontractor. This goes to the merits of the cause of action, rather than to the person of plaintiff or of Stewart [plaintiff’s insured] or of Langton.
“The defense is not that Langton or plaintiff, his subrogee, has no legal right to institute the suit; it is that they have no legal right to recover, i. e., no cause of action: the former type of defense raising questions of interest or capacity to institute the suit, is alone triable by exception of no right of action in limine litis; the latter, raising questions of whether legal recovery can be had by one given legal standing or right to institute the action, is subject to an exception of no cause of action if it can be determined on the face of the pleadings, but if evidence is necessary is triable on the merits along with the other factual defenses to plaintiff’s claim.” Id., 95 So.2d at page 738.
In light of the foregoing authorities we are of the opinion the judgment sustaining the exception of no right of action must be overruled; that the lower court’s admittance of extraneous evidence in support of the exception was erroneous; and that the exception was properly one of no cause of action which must be decided upon the well-pleaded facts of the petition.
The allegations of plaintiff’s petition which are pertinent to the issue raised by the .exception of no cause of action, to wit: whether Key was an employee of Carroll Sand & Gravel Company, or an independent contractor, are as follows:
“Petitioner further alleges upon information and belief that on June 25, 1959, the aforedescribed truck belonging to defendant William K. Key, was being driven by one Jim Hicks; that said truck was engaged in hauling sand from the Riddle farm * * * to a mixing plant owned and operated by Coastal Contractors, Inc., * * * that the material being hauled by said truck *112 was the property of Carroll Sand & Gravel Co., Inc., made a defendant herein, said material having been purchased or contracted for by Carroll Sand & Gravel Co., Inc., from William Oliphant Riddle, the owner of Riddle’s farm; that the material being hauled by said truck was loaded onto said truck by equipment which was owned by Carroll Sand & Gravel Co., Inc., and operated by one of said Company’s employees; that the material loaded on said truck was of a quality and in a quantity selected by an employee of Carroll Sand & Gravel Co., Inc., and each load was checked at the loading point and a record thereof made by an employee of said Company, who delivered to the driver duplicate tickets for each load hauled by him on behalf of and for said Carroll Sand & Gravel Co., Inc.; that the route of the haul was designated by Carroll Sand & Gravel Co., Inc., from the loading point to the destination or point of delivery to Coastal Contractors, Inc.; that said material was unloaded from said truck and deposited at a point designated by an employee of the Coastal Contractors, Inc. * * * that for each load of its material which was hauled by the truck of defendant, William K. Key, defendant, Carroll Sand & Gravel Co., Inc., paid the sum and amount of $3.00; that payment was made for all loads at the end of each week; that numerous other trucks were so engaged by Carroll Sand & Gravel Co., Inc.; that no written agreement or contract was entered into by and between Key and defendant Carroll Sand & Gravel Co., Inc.; and there was no contract and agreement for the hauling of any specific number of loads and there was no contract or agreement for employment for any specified period or length of time; that the relationship between said parties was terminable at the option and at the will of either party, * * * that defendant Key was carried on the weekly payroll of Carroll Sand & Gravel Co., Inc., as were other truck owners and drivers, and he was paid his earnings at the end of each week; that Carroll Sand & Gravel Co., Inc., periodically deducted the prorata amount due by Key to cover workmen’s compensation insurance premium; that Carroll Sand & Gravel Co., Inc. carried liability insurance covering all phases of its operations, including those involving hired trucks * * * at the time of the accident hereinafter described, the Key truck was being operated in the course and scope of its employment as a hired truck, and the driver was acting in the course and scope of his employment by Carroll Sand & Gravel Co., Inc.”
The only question remaining for our disposition on this appeal is whether the aforequoted allegations, the truthfulness of which must be assumed for the purpose of disposing of the exception of no cause of action, are sufficient as a matter of law to denominate William Key an employee of Carroll Sand & Gravel Company.
Plaintiff relies exclusively upon the cases of Amyx v. Henry & Hall, 1955, 227 La. 364, 79 So.2d 483; Malloy v. Buckner-Harmon Wood Contractors, La.App. 2d Cir., 1958, 100 So.2d 242, certiorari denied; and Thompson v. National Surety Corporation, La.App. 2d Cir., 1960, 124 So.2d 227.
In the Amyx case the Supreme Court was confronted with the necessity of determining the legal relationship existing between one Dan Guin and the partnership of Henry & Hall. The offending vehicle which caused the damages for which recovery was sought in that case was a gravel truck driven by Guin and owned by him in conjunction with another. The defendant partnership denied liability for damages inflicted by said truck and averred that- Guin was an independent contractor rather than an employee of the partnership. The court’s conclusion that Guin’s status was that of employee of Henry & Hall was predicated on *113 the following factors: there was no actual contractor’s agreement for any specific undertaking as one unit or as a whole, nor for any specific amount of work to be performed, nor of services to be rendered over a specified period of time; either defendant or Guin could have terminated the relationship at will without the other party having any action to recover damages for breach of contract; defendant’s own equipment loaded the trucks, and its foreman supervised the quantity and quality of the gravel; the truck driver was given specific instructions as to where to go and either one of two designated routes to be followed was suggested to him; defendant, had it seen fit to do so, could have directed Guin in regard to changes made necessary in the delivery of the gravel; Guin was carried ■on defendant’s weekly payroll as were the other truck drivers, and he was paid his earnings at the end of each week; defendant deducted from Guin’s weekly earnings the prorata amount due by Guin to cover workmen’s compensation insurance in case of disability; and defendant carried liability insurance covering all phases of his contract, though it did not own or operate trucks of its own, whereas Guin was not shown to have carried similar policies.
The allegations of plaintiff’s petition encompass each of the factors presented in the Amyx case except such as are attributable to the principal distinguishing feature of the two cases, that feature being that in the instant case the driver of the offending vehicle was not the owner thereof and was not carried on defendant’s weekly payroll. We do not consider that distinction to be of such significance as to require dismissal of plaintiff’s suit through the exception of no cause of action. Our conclusion in that regard is strengthened by the decision of this court in Malloy v. Buckner-Harmon Wood Contractors, La.App. 2d Cir., 1958, 100 So.2d 242, certiorari denied, wherein we determined from circumstances quite similar to those presented herein, that a relationship of employer-employee existed. In the Malloy case the truck owner rather than his drivers was carried on the defendant’s payroll. Nevertheless, we concluded that the Amyx case was controlling and placed particular emphasis on two factors, viz., defendant’s control of and right to control the operations of the truck owner, and the absence of any contract between the contractor and truck owner specifying the quantity of work or services to be rendered. Certainly, those factors have been alleged with particularity in the petition of plaintiff herein.
The case of Thompson v. National Surety Corporation, La.App. 2 Cir., 1960, 124 So.2d 227 does not add substantially to the principles set forth in the Amyx and Malloy cases, and for that reason we will not prolong this opinion by elaborating thereon.
Defendant, relying primarily upon the case of Eames v. Alexandria Contracting Company, La.App. 2d Cir., 1934, 154 So. 510, maintains that Key selected, furnished and paid his own drivers and, according to the Supreme Court’s appreciation of the Eames case as manifested in Amyx v. Henry & Hall, supra, must be considered as an independent contractor rather than an employee. Conceding the distinction so drawn by the Supreme Court, we are of the opinion the decisive distinctions between the Eames case on the one hand, and the Amyx and Malloy cases, as well as the instant case, on the other hand, are the presence of a contractual agreement in Eames, and the corresponding lack of control or right of control by the defendant therein over operations of the truck owner. The Eames opinion recognized the existence of a contract between defendant and the truck owner whereby certain gravel trucks were to haul gravel from Mer Rouge to the job site at a fixed price per yard of gravel hauled. The opinion also noted that the only acts of control or supervision which the defendant exercised over the hauling operations were to designate when the hauling was to be done. Accordingly, the exception of no cause of action which has been directed to the allegations of plaintiff’s petition herein *114 cannot, in our opinion, be sustained upon the authority of the Eames case.
Defendant has referred us to the cases of Johnson v. Royal Indemnity Company, 5 Cir., 1953, 206 F.2d 561 and Alexander v. Frost Lumber Industries, D.C.W.D.La.1950, 88 F.Supp. 516 as authority for its contentions. The cited cases are indecisive of the instant appeal for the same reasons as previously set forth relative to the Eames case, to wit: presence of contractual agreement and absence of substantial control or right to control.
Accordingly, the judgment from which appealed is set aside and reversed, and it is now ordered, adjudged and decreed that the exceptions of no right and no cause of action filed on behalf of defendants be, and they are overruled and the case is ordered remanded to the Honorable the Sixth Judicial District Court of the State of Louisiana, in and for the Parish of East Carroll, for further proceedings consistent herewith and in accordance with law.
Costs of this appeal are taxed against defendants, appellees, and it is ordered that the fixing of all other costs await final determination hereof.