PRICE, Judge.
The sole question for review on this appeal is the correctness of the dismissal by the trial court on the peremptory exception of no right or cause of action of the proceeding brought by Euna Dare Armistead Patrick against Elsie Moore Patrick, seeking damages for wrongful seizure of movable property.
A judgment was rendered in favor of Elsie Patrick against John Patrick on December 19, 1968, awarding to Elsie Patrick the sum of $18,567.04. In response to non-payment of this, judgment, she filed a rule to show cause on February 24, 1969, and obtained the issuance of a writ of fieri facias directed to the Sheriff of Red River Parish to seize property belonging to John Patrick. The seizure made under the writ prompted the filing of a petition for intervention seeking injunctive relief by Euna Dare Patrick, who sought to protect her wrongfully seized personal property from sale. This intervention and rule to show cause were consolidated for trial on March 3, 1969. The judgment resulting from the consolidated actions ordered release from the writ of specified items of property belonging to Euna Dare Patrick, and enjoined the sale thereof; the sheriff was directed to restore the listed property to Euna Dare Patrick.
On September 12, 1969, as a result of the aforementioned circumstances, the plaintiff filed a petition seeking $100,000.00 damages for the wrongful seizure; $50,-000.00 for “undue annoyance, embarrassment, oppression, ridicule, humiliation and harassment” resulting from the seizure; and $2,500.00 attorney’s fees in securing the release of the property.
Elsie Moore Patrick filed exceptions of no cause of action, no right of action, and vagueness, pointing out that she had requested seizure of only that property belonging to her judgment debtor, John Patrick. The exceptions of no right or cause of action were sustained by the lower court and judgment was rendered in favor of the defendant, dismissing the plaintiff’s suit. By this devolutive appeal plaintiff asserts that the trial court erred in dismissing her suit on an exception of no right or cause of action.
As to the exception of no right of action. Euna Dare Patrick clearly has a *543 right of section, as her property was wrongfully seized and advertised, and its recovery has allegedly entailed considerable expense. In effect, the defendant does not deny that the plaintiff has a right of action; she simply denies any liability for the wrongful seizure, alleging its cause to have been the sheriff’s having illegally exceeded the authority granted in the writ of fieri facias which he was executing. Since the defendant does not contend that the plaintiff lacks a legal interest in the subject matter of the litigation but merely alleges a defense thereto, the exception of no right of action was improperly sustained. Termini v. McCormick, 208 La. 221, 23 So.2d 52 (1945).
 As to the exception of no cause of action. For the purpose of trying an exception of no cause of action, the well-pleaded allegations of fact in the original petition of the plaintiff must be considered true. In her petition she has alleged that the sheriff wrongfully seized and advertised for sale her personal property to which he was directed by a writ of fieri' facias issued by the Court at the request of the defendant. Under the authorities cited by the appellant (Brunet v. Thompson, 166 So.2d 63 [La.App. 4th Cir., 1967] et al.), these bare allegations set forth a cause of action for trespass under LSA-C.C. article 2315. The contention of the defendant that the sheriff exceeded the authority of the writ in the execution thereof, and the letter attached to the exception containing instructions to the sheriff to seize only the property of the judgment debtor, were beyond the four corners of the original petition and should not have been considered by the lower court in ruling on the exception of no cause of action. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961).
For the above reasons, the judgment of the district court sustaining the exceptions of no right or cause of action and dismissing the suit of Euna Dare Patrick is hereby reversed, and this cause is remanded for further proceedings not inconsistent with the views expressed herein. Costs of this appeal are to be paid-by appellee. Assessment of all other costs are to await final determination of this cause.