The plaintiff seeks to recover from Lionel E. Hebert and George G. Griffon, in solido, the sum of $275 as damages to his car as the result of defendant Hebert driving an automobile in an intoxicated condition and in a reckless and careless manner, and running into the rear end of plaintiff's car which, with its tail light burning properly, was temporarily stopped on the right side, in the direction in which he was traveling, of the Jackson Road in the City of Baton Rouge.
The defendant Griffon is sought to be held liable with defendant Hebert on the ground that at the time of the said collision, the said defendant Hebert was an employee of the said Griffon, was on a mission for his employer and was acting within the scope of his employment. The suit, in so far as defendant Griffon is concerned, was dismissed on an exception of no cause or right of action, and the case is before us on an appeal taken by plaintiff from that judgment of dismissal.
The petition of plaintiff sets forth that defendant owns and operates a drug store on Government Street in the City of Baton Rouge, in which, besides doing a general drug business, the said Griffon conducts many other businesses, some related and others unrelated to the drug business, including the sale at retail, on a large scale, of alcoholic liquors; that the said Griffon maintains an extensive delivery service to his customers in the City of Baton Rouge and surrounding suburbs; that defendant Hebert was, prior to and at the time of the accident, employed by the said Griffon in the said store with considerable authority *Page 627 
in the management and control of the business thereof; that defendant Hebert practically occupied the status of manager of the said business; and that, in the absence of Griffon, Hebert had full authority to act as vice-principal in all matters pertaining to the management of said business, including purchases, sales, and deliveries. After setting forth that on or about February 20, 1941, at approximately 12:15 A.M., a collision occurred on the Jackson Road, within the limits of the City of Baton Rouge, between a Nash Sedan owned by plaintiff and a Chevrolet Coupe operated by defendant Hebert, the plaintiff makes the following allegations:
"12. Petitioner is informed and believes and so believing alleges that at the time of said collision Lionel E. Hebert was on a specific errand or mission for George G. Griffon and was acting in the general course and scope of his employment by the said George G. Griffon in the nature of his employment as above set out in this petition; petitioner shows that he does not know of his own knowledge the exact duties which Lionel E. Hebert was performing for George G. Griffon at the time of the collision, but he avers that such information is well-known to the defendants herein.
"13. Petitioner further shows, on information and belief, that in any event, irrespective of the specific mission or errand in which the said Lionel E. Hebert was engaged at the time of the accident, by the very nature of his employment by the said George G. Griffon the said Lionel E. Hebert was at all times of the day and night supposed to and required to and directed to attend to the interest of the business known as Griffon's Drug Store; that by the nature of his employment the said Lionel E. Hebert was required to and did make contacts for the said Griffon's Drug Store which resulted in the acquisition of business by the said Griffon's Drug Store, all of which resulted in the mutual profit and benefit of the said Lionel E. Hebert and George G. Griffon; that at the request and under the directions of the said George G. Griffon, for several years the said Lionel E. Hebert had closely identified himself with the said Griffon's Drug Store so that all of his acts at all times would be identified with and associated with the said Griffon's Drug Store, and this arrangement was made purely and solely for the mutual benefit and profit of the said George G. Griffon and Lionel E. Hebert in the development of the business of the said Griffon's Drug Store; that when the City Police of Baton Rouge investigated the collision which occurred as above set forth, on the early morning of approximately February 20, 1941, the only address given to the City Police by Lionel E. Hebert was care of Griffon's Drug Store; and petitioner therefore avers that because of the nature of his employment by the said George G. Griffon, the said Lionel E. Hebert was, by the very nature of that employment, at the time of the collision, acting as the agent, servant and employee of the said George G. Griffon, and that the said George G. Griffon is therefore responsible for the damage done by the said Lionel E. Hebert in said collision under the doctrine of respondeat superior."
The judgment of the District Court sustaining the exception of no cause or right of action as to defendant Griffon is based on the proposition that the allegations of the above quoted articles of the petition are merely conclusions of law of the pleader, that they do not set forth sufficient or ultimate facts to show that at the time of the accident Hebert was acting as an employee of defendant Griffon within the course and scope of his employment, and that such allegations are too general to permit the introduction of testimony regarding such employment which necessarily would have to be obtained from the defendant on cross examination.
We have carefully read all the decisions cited by the defendant, and the reasons for judgment of the lower court. We agree, of course, with the elementary statement that a cause of action cannot be set out by pleading conclusions of law. We further agree with the general principle of law that the mere statement in a petition that a person, at the time of the accident, was the employee of another and was acting within the course and scope of his employment, without alleging any further facts to show the nature of his employment and the particular acts which he was performing, might be a mere conclusion of law and not sufficient to show an employer-employee relationship. Yet, in the case under review, where a person is said to be an employee of another, and the nature of the employment, together with the duties connected therewith, are given, *Page 628 
and it is further alleged that, at the time of the accident, such employee was on an errand or mission of his employer, we are of the opinion that the petition does disclose a cause of action, even though it is alleged that the plaintiff does not know the particular duties then being performed by the employee but that such knowledge rests with the employer and employee. We cannot see how plaintiff could have alleged any more.
We recently had under consideration a case under an exception of no cause of action dealing with the sufficiency of allegations showing the status of employer and employee. Le Blanc et ux. v. Olivier, La.App., 5 So.2d 170. In that case, we held that a liberal construction should be given to the allegations of the petition. We time and again have recognized the rule that a suit should not be dismissed on an exception of no cause of action if, taking the petition as a whole, sufficient facts are alleged to support proof which will make out a case for the plaintiff. In the case under review, if the plaintiff cannot show that defendant Hebert was acting as an employee of defendant Griffon, at the time of the accident, and within the scope of his employment, then Griffon cannot be held liable. The contention of defendant is more a matter of defense than exception. As previously stated in the Le Blanc case, supra, plaintiff should not be required to give the particular duties which the employee was performing at the time of the accident, when such duties are exclusively within the knowledge of defendants, if all the other allegations of the petition show that the defendant Hebert was employed by defendant Griffon and was then on a mission in connection with that employment.
For these reasons assigned, it is ordered that the judgment appealed from be and the same is hereby annulled, reversed and set aside; it is now ordered that the exception of no right or cause of action on behalf of George G. Griffon be and the same is hereby overruled; the cause is remanded to the lower court for further proceedings in accordance with law and the views herein expressed; costs of this court to be borne by defendant Griffon, all other costs to await the final termination of the case.
LeBLANC and OTT, JJ., concur.