MOISE, Justice.
This case is before us on writs, to review a judgment of the Court of Appeal, Second' Circuit, which reversed the judgment of the Fourth Judicial District Court for the-Parish of Ouachita in plaintiff’s favour in. his suit on a warranty bill of sale.
The bill of sale in question covered an-automobile which, while represented to plaintiff by defendant, and previously to-defendant by his vendor, as having been, free and clear of any lien or encumbrance, was actually encumbered with a vendor’s-' lien in favour of General Motors Acceptance Corporation, originating in the State-’ of Texas, secured by a conditional sale-’' agreement, valid under the laws of Texas, and there- registered in conformity with, the Texas statutory requirements.
The automobile was sold on November 12, 1948, by Whitten Chevrolet Company' of Bishop-, Texas, to one Owen Atkins, an employee. At the time of the sale Atkins’’, address, as shown on the sales agreement, was Box 495, Bishop, Texas; the Certificate of Title issued by the State Highway Department of Texas, a photostatic copy whereof is in the record, gives his address.' as Bishop, Texas. On January 11, 1949,.-Atkins. obtained a Louisiana Registration.. Card for the vehicle and applied for a Lou- . isiana license; his address as given on the-Louisiana Registration Card was Route 1,. *437 Box 17, Smackover, Arkansas. He sold 'the car in Monroe, Louisiana, on January .24, 1949, to defendant Davidson, and on February 22, 1949, Davidson sold it to plaintiff under a written bill of sale, guaranteeing a good and valid title. Defendant ■and plaintiff are both used car dealers. Shortly thereafter plaintiff sold the car to .Elmer L. Garrett.
In the meantime Owen Atkins had left the employ of Whitten Chevrolet Company and made no further payments to1 General Motors Acceptance Corporation, the transferee of his sales contract with that Company. General Motors Acceptance Corporation finally located the automobile in ■possession of Elmer L. Garrett, and seized and sequestered it. Garrett called his vendor, plaintiff Cobb, in warranty, and Cobb paid off the amount of the lien plus attorney’s fees. Cobb thereupon called upon his ■vendor, Davidson, for reimbursement, which was refused on the grounds that the latter had advised Cobb not to pay off the balance •as he, Davidson, had means to defeat the ■sequestration and desired the privilege of defending that suit. Cobb brought suit for indemnity against Davidson; and after trial on the merits, the district judge found that {1) the contract was valid under the laws of the State of Texas, where executed, and was properly recorded in that State; (2) the intention of the parties was that the car remain in the State of Texas; (3) there was an outstanding balance due by the original purchaser, and Cobb had paid it. The district court rendered judgment in favour of Cobb. '
The appellate court based its reversal on its conclusion that the evidence did not establish a lack of knowledge on the part of either the original seller, or its assignee, of the car’s removal from the State of Texas, which knowledge would have been sufficient to1 defeat an action to enforce the lien, and that plaintiff had failed to meet the burden of such negative proof. The evidence which caught the attention of the appellate court was the presence of Atkins’ Arkansas address on the bookkeeping card of General Motors Acceptance Corporation (a copy whereof is in the record), superimposed on the original address “Bishop, Texas.” A careful study of the record convinces us that the intent of the original seller and of the General Motors Acceptance Corporation was that the automobile should remain in Texas, particularly as the sales contract forbad its removal without the “written permission of the holder of this contract”, and that the knowledge that Atkins was residing in Arkansas was acquired subsequent to the transaction — for all that is shown by the record, subsequent to his default in the payments.
At any rate, the burden of proving the existence of such knowledge by a pre *439 ponderance of evidence was on the defendant, for whom that knowledge constituted a special affirmative defense, the “means for defeating the action” as set out in Article 388, Code of Practice. It was not incumbent on plaintiff, as a prerequisite to recovery, to negate the existence of such knowledge. This rule of evidence requires no further discussion, for it is as strong and clear as the “attraction of gravitation, for there is no shadow at the turning.”
The appellate court dismissed plaintiff’s demands as of nonsuit. Were the testimony incomplete and inconclusive upon the question of knowledge of removal of the car on the part of Atkins’ vendor and its assignee, and we hold that it is not, then the case should have been remanded for the reception of additional evidence on the point in doubt. The only instances in which a nonsuit is authorized by the Code of Practice are failure of a plaintiff to appear, either in person or by attorney, to plead his cause on the day fixed for trial, Art. 536, or failure to post a bond for costs, when required to do so, Art. 207.1.
For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is annulled, avoided and set aside, and the judgment of the Fourth Judicial District Court for the Parish of Ouachita is reinstated and affirmed, the defendant to pay all costs.
HAMITER, J., concurs in the decree.