71 So.2d 358 (1954)
MARTINO
v.
FAIRBURN et al.
No. 3815.
Court of Appeal of Louisiana, First Circuit.
March 22, 1954.
Henry A. Mentz, Jr., Hammond, for appellant.
C. Paul Phelps, Ponchatoula, for appellees.
ELLIS, Judge.
The plaintiff herein, a California automobile dealer, sold to Barney Jackson a 1941 Mercury automobile on October 29, 1949 under a California conditional sales contract which, according to the petition, provided the vehicle should not, without the consent of the seller, be taken or permitted to be taken out of the State of California, and that the title to said vehicle remained in the vendor until all the terms of the contract were fulfilled. Plaintiff further alleged that Barney Jackson owed a repair bill to the Gateway Motors, Inc. of Ponchatoula on a 1941 Ford automobile of which he had disposed; that while in Louisiana said Motor Company seized the Mercury vehicle under a non-resident attachment issued out of the City Court of Hammond, La.; that the seizing creditor procured judgment and pursuant to a writ of seizure and sale had the automobile sold, when it was purchased by Jimmy Sellers, one of the defendants herein, who sold the automobile *359 to Curtis B. Fairburn, the other defendant. Plaintiff is seeking herein reasonable rental value on the automobile from both defendants, and further that they surrender possession of the vehicle to petitioner.
Both defendants filed exceptions of no cause or right of action, improper cumulation of actions and vagueness, which were taken up and submitted on briefs. Plaintiff then filed a supplemental petition which contains no order allowing it to be filed, nor does the record disclose that such consent was ever obtained.
The lower court rendered judgment sustaining the exceptions of no cause or right of action and dismissing plaintiff's suit, from which judgment the plaintiff has appealed. The lower court did not dispose of the other exceptions.
The supplemental petition filed herein on August 28, 1952 contains no order allowing it to be filed and permission of the court was never obtained to file this instrument. Under Article 419 of the Code of Practice original petitions may be amended only with permission of the court, after issue is joined. Issue was joined herein on March 25, 1952 when the exceptions were filed by the defendants. Consequently we cannot consider this supplemental and amended petition.
Neither can we consider the exceptions, filed by the defendants, of improper cumulation of actions and vagueness. This is true since the exceptors waived their rights under these exceptions by failing to insist that the Court rule upon them.
The Supreme Court in Ducote v. Ducote, 183 La. 886, 165 So. 133, 135, citing many authorities, stated:
"Thus, it is a familiar rule of practice that a defendant by not insisting upon a trial of and a ruling on his exceptions waives them."
Thus, the only question to be decided upon this appeal is whether the trial court was correct in sustaining the exceptions of no cause or right of action, and our determination of this matter must rest upon a consideration of the original petition alone, and the allegations of fact therein must be accepted as true.
As has been pointed out in our jurisprudence the exceptions of no right of action and no cause of action are separate and distinct exceptions. The first questions the right of a litigant to dispute his interest in the subject matter of the proceeding. The second questions the sufficiency of the allegations in the petition for obtaining the desired relief. See Brooks v. Smith, La.App., 35 So.2d 613, at page 615, and authorities therein cited. The Supreme Court in Baton Rouge Bldg. Trades Council v. T. L. James & Co., 201 La. 749, 10 So.2d 606, at page 609 citing authority, said:
"`4. Courts should see that each exception should be made to perform the function properly appertaining to it and not be allowed to have substitute for it. * * *'"
The exception herein is clearly an exception of no cause of action since it presents the issue of whether sufficient grounds for obtaining the relief prayed for are alleged in the petition.
An examination of the original petition filed herein leads us to the conclusion a cause of action was set forth therein.
Counsel for the defendant in his brief states the ruling of the lower Court was based upon certain grounds. We were not favored with written reasons for the judgment below so cannot accept the reasons given by counsel as being those upon which the judgment was based. However, said counsel complains, first, that the alleged conditional sales contract of California was not actually declared upon and that said contract was not made part of the record. In answer to this contention it can be said that the contract was definitely declared upon in the petition and its existence would be a matter of proof upon the merits. If counsel desired the contract itself to be made part of the petition he could have done so by a prayer for oyer. His second contention, that the California law was not *360 made a part of the record, is without merit since the petition alleged that such a contract was valid under the laws of the State of California, and this would have to be proved upon the merits. His third contention, that the plaintiff under Louisiana Law, is not entitled to possession of the vehicle so long as the legal title remained in either of the defendants or the vendee, is not justified since the petition alleges in paragraph 3 thereof, that the title, under the contract, should remain in the seller or the plaintiff, until all of the terms of the contract had been complied with. The plaintiff is alleging his title under the contract, and the petition can be interpreted to deny any legal title in the vendee or either of the defendants. The fourth contention, that some action to divest the vendee or the defendants of title is necessary before an action for possession would lie, denies that the petition alleges the very reason for which it was brought, namely, the securing of possession of the vehicle. The fifth ground urged is that the District Court was without power to nullify a valid judgment of the City Court of Hammond. As we view it, the petition does not attempt to nullify this judgment but seeks the possession of a vehicle sold under a seizure, which was not the property of the judgment debtor, who was the original vendee. As to the sixth ground, it was not necessary for the plaintiff to take any action in the City Court of Hammond as he is contending in the District Court that the seizure and sale was of a vehicle which did not belong to the judgment debtor.
The defendants also maintain that the petition should have alleged that the vehicle was removed to Louisiana without the knowledge or consent of the owner. The case of Cobb v. Davidson, 219 La. 434, 53 So.2d 225, 226, amply answers this argument. Therein the Supreme Court held squarely that: "* * * the burden of proving the existence of such knowledge by a preponderance of evidence was on the defendant, for whom that knowledge constituted a special affirmative defense, * *. It was not incumbent on plaintiff, as a prerequisite to recovery, to negate the existence of such knowledge. * * *"
In Guiteau v. Southern Parking Co., Inc., La.App., 49 So.2d 880, 882, it is stated:
"First of all, it seems to us quite evident that the modern trend is against the maintenance of exception of no cause of action and the consequent dismissal of a suit, unless it clearly appears that the petition either clearly states facts which in themselves destroy the cause of action, or unless it appears that such allegations as are made cannot, by interpretation, be made to establish a cause of action. The mere fact that the allegations are general and not specific is not sufficient to permit the dismissal of the suit, unless they are so general as to justify the conclusion that no facts are alleged."
In Dilworth v. Hebert, La.App., 7 So.2d 626, at page 628, we said:
"We time and again have recognized the rule that a suit should not be dismissed on an exception of no cause of action if, taking the petition as a whole, sufficient facts are alleged to support proof which will make out a case for the plaintiff. * * *"
The fact that a petition is vague or uncertain or perhaps indefinite, allows it to be subject to an exception of vagueness and the plaintiff would be required to amend or supplement, but such a petition is not subject to an exception of no cause of action. See Brunson v. Mutual Life Ins. Co. of New York, 189 La. 743, 180 So. 506, and Jones v. Commagere, La.App., 189 So. 603.
For the above reasons the judgment of the District Court is reversed and the exception of no cause or right of action is overruled and the case remanded for further proceedings in accordance with law, defendants to pay the costs of this appeal.