YARRUT, Judge.
Plaintiff, as the holder of a promissory note secured by chattel mortgage, appeals only from that part of the judgment dismissing his suit against Defendant, Daniel Milan, an endorser of the note. No other party has appealed or answered the appeal.
The proceeding is by executory process via ordinaria against Kenneth Martin, maker; J. W. Kennedy, Jr., transferee of the mortgaged chattel and assumer of the note; and Daniel Milan, endorser of the note.
On the merits, judgment was rendered by the district court only against Martin and Kennedy, jointly and in solido, for $11,950.00 plus interest, costs and attorney fees. Milan was dismissed as a Defendant. The facts are:
On March 19, 1959, Plaintiff sold a dozer to Milan Equipment Company for $15,140.-00, partially represented by a $13,140.00 promissory note secured by chattel mortgage and signed by Milan as president. In May of 1960, Milan sent Martin to Plaintiff to see if the dozer could be resold to Martin. Plaintiff agreed to a resale if Milan would personally endorse Martin’s note. A new note, secured by chattel mortgage, for $13,700.00 was executed and signed by Martin on May 26, 1960, and endorsed by Milan. This resale of the dozer included a low-boy and tractor; the cancellation of Milan Equipment Company’s original note; plus credit for the Company’s $1,900.00 open account by including it in the sale price to Martin.
Martin’s note became delinquent. Milan was agreeable to a resale to Kennedy, but refused to endorse Kennedy’s note for the purchase price. Martin, however, transferred the equipment to Kennedy, who assumed Martin’s note and chattel mortgage. Milan denies he approved of this transfer. Kennedy in turn defaulted, resulting in this suit.
Milan contends he was discharged as endorser on the note because:
1. The Deficiency Judgment Act (LSA-R.S. 13 :4106 — 07) completely released him from liability when Plaintiff resold the equipment to Martin at a private sale.
2. Martin’s transfer of the equipment to Kennedy without his approval re *67 leased him from liability under LSA-C.C. art. 3061.
3. Extensions of time for payment were given to Martin and Kennedy without his consent or knowledge.
The district court dismissed Milan from the suit on the ground the equipment was transferred to Kennedy without his consent.
The Deficiency Judgment Act, supra, provides that a mortgagee who sells the mortgaged property, without benefit of appraisement, is barred from obtaining a deficiency judgment against the mortgagor. Milan contends his debt on the dozer was satisfied by the sale to Martin; and to hold him as an endorser on Martin’s note now is an indirect attempt to obtain a deficiency judgment against him; that the release of the mortgagor automatically released him as the endorser.
Milan Equipment Company’s original note for purchase of the dozer had a balance due of $8,750.00 when resold to Martin. This note was completely cancelled when the dozer was returned to Plaintiff for resale. Martin’s note for $13,700.00, which Milan endorsed, was given in payment for the dozer and other equipment, plus forgiveness of Milan’s indebtedness on his personal account as consideration for Milan’s endorsement.
Regarding Milan’s defense upon which the district court solely based its decision, LSA-C.C. art. 3061 provides:
“The surety is discharged when by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety.”
While Milan denies he consented to the transfer to Kennedy and assumption by him of Martin’s note, the evidence is fairly clear that Milan had full knowledge of the proposed transfer to Kennedy, and made no objection thereto.
To obtain his release under LSA-C.C. art. 3061, Milan must show his right of subrogation was prejudiced by the transfer. Central Sav. Bank & Tr. Co. v. Oilfield Supply & Scrap Material Co., 202 La. 787, 12 So.2d 819; Succession of Gravolet, La.App., 193 So. 218.
The resale by Martin to, and assumption by, Kennedy specifically provides:
“IT IS AGREED, that TRANS-FEROR is in no way released from the obligations set forth in said instrument and any accompanying promissory note or notés, but is still firmly bound, * *
^ *{*
“Upon the express agreement that said TRANSFEROR remain liable on said instrument and any note or notes and that said TRANSFEREE assume said obligations and that said instrument is to remain in full force and effect, ASSIGNEE hereby consents to the assignment * * * ”
There was no release of Martin or of the collateral securing the note. The security was always available to Milan for seizure, had he elected to pay the note and become subrogated. At the time of trial the security was being preserved in the parish where suit was filed. Rather than being prejudiced, Milan’s position was improved by the transfer to Kennedy since he gained an additional obligor on the note, without losing any rights against the maker.
Milan’s last argument is that extensions of time were given to Martin and Kennedy without Milan’s consent. Milan did not present this defense in his trial court pleadings, although some testimony in the record indicates extensions were given. The testimony also indicates, however, that Milan was kept abreast of the delinquencies in payment of both Martin and Kennedy and of all matters concerning those delinquencies. At any time he could have asserted his rights as surety. That he made no protest implies that he acquiesced in the extensions and is now estopped to complain thereof. See LSA-R.S. 7:119- *68 7:121, Bills and Notes, and cases annotated therein.
The judgment of the district court is reversed as to Defendant Milan, who is now included in the judgment in solido with his Co-Defendants, and is affirmed in all other respects.
Judgment amended and affirmed.