ELLIS, Judge.
Plaintiff sold a 1941 Mercury coupe to one Barney Jackson, in the State of California under a California conditional sales contract. The contract, which was dated October 29, 1949, provided that title for the same would remain in plaintiff until the vehicle was paid for, and that the vehicle would not be removed from the State of California without the consent of the seller.
Apparently, at some point between the date of the sale and January 31, 1950, Jackson brought the vehicle to Tangipahoa Parish, since on that date it was seized in the matter of Gateway Motors Inc. v. Barney Jackson, a proceeding in the city court of Hammond. Pursuant to a judgment obtained therein, and a writ of seizure and sale, the automobile was sold to Jimmie Sellers, one of the defendants herein, on April 1, 1950. On the same day, Sellers, an automobile dealer, sold the vehicle to Curtis B. Fairburn, the other defendant. This suit was originally filed in 1952 against Fairburn and Sellers, asking for $50.00 a month rent on the vehicle for a period of 23 months, and for the return of the vehicle to plaintiff.
The defendants filed exceptions of no cause or right of action, improper cumulation of action, and vagueness. The exception of no cause or right of action was maintained by the trial court, and the suit dismissed. However, on appeal to this court, the judgment was reversed and the case remanded for trial. See Martino v. Fairburn, 71 So.2d 358 (La.App. 1 Cir. 1954).
After the case was remanded, Fairburn and Sellers filed an answer which admitted the purchase of the vehicle by Sellers and Fairburn, and the fact that Fairburn had been in possession thereof from the date of purchase, but which denied all the other allegations of the petition. Defendant called Gateway Motors Inc. in warranty, asking for judgment against Gateway for any amounts for which they might be found liable.
The case finally came up for trial on the merits on November 19, 1963, at which time plaintiff offered in evidence:
“the entire record, including the deposition of Mr. A. L. Martino, dated March 28, 1960, the deposition of Mr. Jimmie Sellers on March 6, 1961, also a copy of the petition in the City Court in Hammond, Suit No. 892, Copy of the appraisal in the City Court in Hammond, Suit No. 892, and a copy of the Marshal’s sale in the same suit.”
In his deposition, Martino testified that Barney Jackson signed the conditional sales contract alleged on, and that there was a balance of $660.72 plus interest and attorney’s fees due on the contract. He testified that he had never given Jackson permission to remove the vehicle from the State of California, that the reasonable market value of the car as of October 29, 1949 was $785.00, and the reasonable market value on February 27, 1950 was $700.00.
The Jimmie Sellers deposition was to the effect that he bought the 1941 Mercury at *320 Marshal’s Sale for about $350.00, and that he sold it to Curtis Fairburn for about $400.00.
Based on the above evidence, the district judge dismissed plaintiff’s suit, from which judgment plaintiff took this devolutive appeal.
The specifications of error pointed out by plaintiff in his brief relate to the alleged failure of the district court to recognize the legality of the California conditional sales contract, the alleged failure of the court to recognize the lien of plaintiff on the vehicle, and in failing to hold that the Marshal’s Sale could transfer only such rights as Barney Jackson had at the time of the sale; and failing to render judgment in favor of plaintiff, when plaintiff produced a preponderance of the evidence without objection by the defendant, and no evidence was produced by the defendant.
In plaintiff’s petition, the only relief asked for was rental for the vehicle and the return thereof to plaintiff.
 There can be no award for rental of the vehicle. There is not one word of evidence anywhere in the record as to what a reasonable rental value of the vehicle might be. Plaintiff has the obligation of proving this item by a preponderance of the evidence, and he failed to do so. Plaintiff concedes in brief that it would be impossible to expect the return of the vehicle after the lapse of some 15 years since the institution of this suit.
However, plaintiff also claims that since the deposition of plaintiff is in the record, and since it contains without objection evidence as to the balance due under the conditional sales contract and the value of the vehicle as of October 29, 1949 and February 27, 1950, that plaintiff is entitled to judgment for one of those amounts.
There is no basis in law for granting judgment against the defendants in this case, Sellers and Fairburn, who had no contractual relationship with plaintiff, for the amount owed by Barney Jackson under the conditional sales contract.
Plaintiff contends alternatively that he is entitled to an award for the value of the vehicle, apparently basing his contention on the fact that testimony relative thereto is in the record without objection. We need only say that testimony as to the value of the vehicle would be admissible as an element in proving the rental value of the vehicle. Therefore, the fact that such evidence is in the record cannot have the effect of enlarging the pleadings so as to enable the court to grant an award for the value, where no such relief was prayed for.
In view of our finding that plaintiff is not entitled to either the relief prayed for, or the other relief which he seeks in his brief, it it not necessary to consider the questions of the validity of the conditional sales contract which plaintiff failed specifically to introduce in evidence; the failure of plaintiff to offer in evidence the law of the State of California relative thereto, or the other elements of proof required in our first opinion in this case, hereinabove cited.
For the above and foregoing reasons, the judgment of the district court is affirmed, with all costs of the appeal to be paid by plaintiff.
Affirmed.